IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL CASE NO. 3:22-cr-298-L-1 |
| | § | |
| MARK STEPHEN GALVEZ, #30792-177, | § | |
| Defendant. | § | |

**MEMORANDUM OPINION AND ORDER**

Before the court is Defendant Mark Stephen Galvez's ("Defendant") 18 U.S.C. § 3582(c)(1)(A)(i) Pro Se Motion Amendment 782 Drug + 2 ("Motion") (Doc. 44), filed April 4, 2025. After considering the Motion, the record, and the applicable authorities, the court **denies in part** the Motion to the extent it seeks a reduction of sentence and **in part construes** it as an initial motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. The court **directs** the clerk of the court to proceed according to this opinion and order.

**I. Background**

After first being charged by criminal complaint and a four-count indictment, Defendant pled guilty under a plea agreement to one count of possession with intent to distribute a Schedule II controlled substance in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B). *See* Docs. 1, 12, 20, 24. By Judgment entered August 22, 2023, the court sentenced Defendant to 276 months' imprisonment and four years of supervised release. *See* Doc. 38. He did not appeal the Judgment.

In his Motion, Defendant now appears to seek a sentence reduction under 18 U.S.C. § 3582(c)(2) "to a base offense level 10, 0-6 months or Time Serve[d] based on the indictment with (No Drug amounts)." Doc. 44 at 7.

## II. Analysis

### A. Section 3582(c)(2)[*]

Relief pursuant to § 3582(c)(2) may be granted "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission. . . ." 18 U.S.C. § 3582(c)(2). The Motion's only identifiable basis for relief under § 3582(c)(2) is premised on Amendment 782 to the United States Sentencing Guidelines. *See* Doc. 44 at 6-7. Amendment 782 reduced the base offense levels applicable to most quantities on the sentencing guidelines' drug and chemical quantity tables, and it applies retroactively to defendants sentenced before its effective date. *See* U.S.S.G., App. C, Amend. 782; U.S.S.G. § 1B1.10(d). It became effective on November 1, 2014, over 7 years before Defendant committed the offense of conviction and over 8 years before he was sentenced under the 2021 United States Sentencing Guidelines Manual. *See* Doc. 29-1 at ¶ 26; *United States v. Rivera-Paredes*, No. 24-40082, 2024 WL 3051671, at *1 (citing *United States v. Morgan*, 866 F.3d 674, 675 (5th Cir. 2017)). Defendant has already received the benefit of Amendment 782 by virtue of being sentenced over 8 years after it went into effect, and he is ineligible for a sentence reduction under 18 U.S.C. § 3582(c)(2) based on Amendment 782. Accordingly, the court **denies** the Motion to the extent Defendant seeks a sentence reduction under § 3582(c)(2).

### B. Additional Arguments

In the Motion, Defendant also appears to argue that his sentence violated the ex post facto clause of the Constitution, his sentence was based "on charges that are <u>not</u> made in the indictment

---

[*] Although the title of the Motion references 18 U.S.C. § 3582(c)(1)(A)(i), the substance of the Motion only implicates and references relief sought under § 3582(c)(2), and it makes no further mention or suggestion of § 3582(c)(1)(A) aside from the title. *See* Doc. 44 at 1, 7. The court therefore understands the Motion to seek relief pursuant to § 3582(c)(2). *See United States v. Flores*, 380 F. App'x 371, 372 (5th Cir. 2010) (instructing "district courts to determine the true nature of a pleading by its substance, not its label.") (citations and internal quotation marks omitted).

**Memorandum Opinion and Order – Page 2**

against him," and the presentence investigation report submitted in the case "is rife with <u>bald</u>, conclusory statements." Doc. 44 at 6-7 (emphasis in original); *see also id.* at 2-5. These challenges are collateral attacks on his sentence. The proper vehicle for challenging a criminal conviction or sentence after the direct appeal period has expired, as here, is a motion to vacate, set aside, or correct the sentence under § 2255. *See Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001); *Cox v. Warden, Fed. Detention Ctr.*, 911 F.2d 1111, 1113 (5th Cir. 1990) ("Relief under [§ 2255] is warranted for any error that 'occurred at or prior to sentencing.'") (quoting *United States v. Flores*, 616 F.2d 840, 842 (5th Cir. 1980)). Because Defendant is attacking the validity of his conviction or sentence, the Motion is liberally construed as an initial motion to vacate under § 2255. *See Flores*, 380 F. App'x at 372.

Accordingly, the court **directs t**he clerk of the court to: (1) open a new case for a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255; (2) directly assign the new case per Special Order 3-250 to the same District Judge as in this criminal case; and (3) docket a copy of the motion and this Order in the new case. Warnings and instructions in accordance with *Castro v. United States*, 540 U.S. 375 (2003), will be issued in the newly opened case, and Defendant will have an opportunity to amend his § 2255 motion in that case.

### III.  Conclusion

For the foregoing reasons, the court in part **denies** the Motion to the extent it seeks a reduction of sentence under 18 U.S.C. § 3582(c)(2) and **in part construes** it as an initial motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255.

**It is so ordered** this 1st day of May, 2025.

*[signature]*
Sam A. Lindsay

                                             United States District Judge